# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN E. FIELDS, | CASE NO.   1:09-cv-1770-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM |
| v. | |
| DERRAL G. ADAM, et al., | (ECF No. 1) |
| Defendants. | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

Plaintiff Kevin Fields ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing a Complaint on October 8, 2009. That Complaint is currently before the Court for screening. For the reasons explained below, the Court finds that the Complaint fails to state a claim upon which relief could be granted.

**I.   SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that on November 13, 2008, Defendants B. Vikjord, A. Covert, K. Foley, and Does 1-5 conducted a search of his cell in retaliation for his having filed complaints and appeals against prison officials.[1] Plaintiff alleges that Defendants trashed his cell and damaged and confiscated law books, magazines, stamps, medically prescribed ointment, and a 13" color television. Plaintiff claims that Defendants then filed a false document indicating that they confiscated only his television. Plaintiff also claims that they seized legal documents relating to his pending criminal case and thereby harmed his ability to prosecute that action.

Plaintiff further alleges that Defendants Adams, Junious, Davis, Flores, Whitford, Pear, and Lawton knew of the unlawful search of his cell and failed to prevent it. Plaintiff seeks compensation for his out-of-pocket losses, punitive damages to deter future conduct, nominal damages, and declaratory and injunctive relief.

---

[1] Plaintiff originally brought this claim against Defendant R. Magvas also, but he has since moved to voluntarily dismiss Defendant Magvas. Because no other party has appeared in this action, Court approval is not required to voluntarily dismiss a party. Fed. R. Civ. P. 41(a). Such dismissal is without prejudice. Plaintiff is free to include Defendant Magvas in his Amended Complaint if he desires.

## III. ANALYSIS

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir.1987).

### A. Retaliatory Cell Search

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the Court may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). A prisoner retaliation claim based on the First Amendment has five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff alleges that his cell was searched, trashed, and items were confiscated because he files grievances and litigation against prison officials. Filing a grievance with prison officials is a First Amendment protected activity. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989). Cell searches can be adverse action by a state actor. See id. (arbitrary confiscation and destruction of property sufficient to state retaliation claim). Thus, Plaintiff has pled facts sufficient to meet the first and third prongs of a retaliation claim.

With respect to the fourth prong, the proper inquiry is not whether the cell search

1  and destruction of property actually chilled Plaintiff's exercise of his First Amendment
2  rights. "[It] would be unjust to allow a defendant to escape liability for a First Amendment
3  violation merely because an unusually determined plaintiff persists in his protected activity
4  ...." Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1300 (9th Cir. 1999). The
5  correct inquiry is to determine whether an official's acts would chill or silence a person of
6  ordinary firmness from future First Amendment activities. Rhodes, 408 F.3d at 568-69
7  (citing Mendocino Envtl. Ctr., 192 F.3d at 1300). Though Plaintiff has failed to plead
8  whether his actions have been chilled by the search of his cell and destruction of his
9  property, the Court finds that he has satisfied the fourth prong because a person of
10 ordinary firmness would be chilled by such activities.

11       The second element of a prisoner retaliation claim focuses on causation and motive.
12 See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his
13 protected conduct was a "'substantial' or 'motivating' factor behind the defendant's
14 conduct." Id. (quoting Morgan, 874 F.2d at 1314). Although it can be difficult to establish
15 the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce
16 v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable
17 issue of fact regarding prison officials' retaliatory motives by raising issues of suspect
18 timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997);
19 Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as
20 circumstantial evidence of retaliatory intent").

21       The only statement in Plaintiff's Complaint regarding Defendants' motive is that the
22 November 13 cell search was conducted "because I file complaints/appeals and lawsuits
23 against prison officials." (ECF No. 1 at 3.) This conclusory allegation is insufficient.
24 Plaintiff refers to no evidence—direct or circumstantial—supporting the allegation. As far
25 as the Court can tell, the allegation is based solely on Plaintiff's assumption that his legal
26 activities motivated the search. Plaintiff fails to state adequate facts to satisfy the second
27 prong of his retaliation claim.

28       With respect to the fifth prong, a prisoner must affirmatively allege that "the prison

authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo, 778 F.2d at 532. Plaintiff has failed to satisfy this fifth prong. Though his burden here is not high, see id. (prisoner's allegations that search was arbitrary and capricious sufficient to satisfy this inquiry), Plaintiff has failed to allege any facts regarding whether the search of his cell advanced a legitimate penological goal. It is likely that some legitimate basis for the search was at least asserted. Plaintiff does not say. If some non-retaliatory reason for the search was given, Plaintiff should identify it and state his basis for believing it to have been mere guise.

Because Plaintiff has failed to allege sufficient facts to satisfy all five prongs of his retaliation claim, the Court finds that he has failed to state a claim upon which relief could be granted. The Court will give Plaintiff leave to amend and cure the deficiencies noted herein.

### B.     Personal Participation of Defendants

Plaintiff alleges that Defendants Adams, Junious, Davis, Flores, Whitford, Pear, and Lawton (collectively "Supervisory Defendants") knew of the retaliatory search and failed to take action "thereby creating a policy" that allows unlawful activity. Under Section 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct. Therefore, Plaintiff must demonstrate that each Defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948-49.

In order to establish liability against a supervisor, a plaintiff must allege facts demonstrating (1) personal involvement in the constitutional deprivation, or (2) a sufficient

causal connection between the supervisor's wrongful conduct and the constitutional violation. Jeffers v. Gomez, 267 F.3d 895, 915 (9th Cir. 2001); Wesley v. Davis, 333 F.Supp.2d 888, 892 (C.D.Cal. 2004). The sufficient causal connection may be shown by evidence that the supervisor implemented a policy so deficient that the policy itself is a repudiation of constitutional rights. Wesley, 333 F.Supp.2d at 892 (internal quotations omitted). However, an individual's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement. Id. (internal quotations omitted).

In this case, Plaintiff alleges only that the Supervisory Defendants knew of the unlawful search and failed to prevent it. There is no allegation that any of them actually participated in the search, that they ordered the search, or that the search was conducted pursuit to a policy that they implemented. Accordingly, Plaintiff has failed to state a claim against any of the Supervisory Defendants. He shall be given leave to amend these claims to attempt to address the deficiencies noted herein.

### C.   Doe Defendants

Plaintiff names John Does 1 through 5 as Defendants in this action. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). "It is permissible to use Doe defendant designations in a complaint to refer to defendants whose names are unknown to plaintiff. Although the use of Doe defendants is acceptable to withstand dismissal of a complaint at the initial review stage, using Doe defendants creates its own problem: those persons cannot be served with process until they are identified by their real names." Robinett v. Correctional Training Facility, 2010 WL 2867696, *4 (N.D.Cal. July 20, 2010). Plaintiff is advised that the John Doe defendants can not be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute the Defendants' actual names. The burden remains on Plaintiff to promptly discover the full names of Doe Defendants; the Court will not undertake to investigate the names and identities of unnamed Defendants. Id. Because the Court is granting Plaintiff another opportunity to amend his claims, it will also give him leave to set forth sufficient identification for the John

Doe Defendants.

## IV. CONCLUSION AND ORDER

The Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted. The Court will provide Plaintiff time to file an amended complaint to address the potentially correctable deficiencies noted above. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). In his Amended Complaint, Plaintiff must demonstrate that the alleged incident resulted in a deprivation of her constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). Plaintiff must also demonstrate that each Defendant personally participated in the deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. Plaintiff should focus his Amended Complaint on claims and Defendants relating only to the allegedly retaliatory cell search on November 13, 2008.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

7. Plaintiff shall caption the document "Amended Complaint" and refer to the

-7-

case number 1:09-cv-1770-MJS (PC); and

8. If Plaintiff fails to comply with this order, this action will be dismissed for failure to prosecute and failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:    December 8, 2010                    /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE