UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN E. FIELDS, | CASE NO.   1:09-cv-01770-MJS (PC) |
| Plaintiff, | ORDER DISMISSING CLAIMS AGAINST ALL DEFENDANTS FOR FAILURE TO STATE A COGNIZABLE CLAIM |
| v. | |
| B. VIKJORD, et al., | (ECF No. 13) |
| Defendants. | |

**SCREENING ORDER**

**I.    PROCEDURAL HISTORY**

On October 8, 2009, Plaintiff Kevin E. Fields, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.) Plaintiff has consented to Magistrate Judge jurisdiction.  (ECF No. 4.)

Plaintiff's Complaint (ECF No. 1) was screened and dismissed, with leave to amend, on December 8, 2010.  (ECF No. 12.)  Plaintiff's First Amended Complaint, filed December 20, 2010, is now before the Court for screening.  (ECF No. 13.)

1

## II. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III. SUMMARY OF COMPLAINT

The First Amended Complaint alleges the following correctional officers conspired to violate Plaintiff's First Amendment rights: B. Vikjord, A. Covert, R. Magvas, and K. Foley.

Plaintiff alleges the following:

On November 13, 2008, the Defendants conspired to delay Plaintiff's return from the yard so that Defendants Vikjord and Covert had time to conduct a retaliatory search of Plaintiff's cell. (Compl. at 2 and 3.) During the search, Defendants Vikjord and Covert

2

removed thousands of pages of legal documents that had been separated by legal matter and shuffled them out of order.  Defendants Vikjord and Covert also damaged Plaintiff's legal textbooks and confiscated legal "notes, records, transcripts, declarations from inmates and other exhibits . . . ."  Various personal items were also confiscated.  (Id. at 3.)

After the search, "Defendants Vikjord and Covert sent [Plaintiff] a [rules violation notice], and property cell search slip alleging that they confiscated an altered television from [Plaintiff's] assigned cell."  Plaintiff maintains that his television was unaltered.  (Id. at 3, 4.)

Plaintiff alleges that the Defendants conducted the retaliatory search because Plaintiff had filed administrative appeals and lawsuits against prison officials and staff.  Plaintiff alleges that the aforementioned conspiracy had a chilling effect on his First Amendment rights and furthered no legitimate penological goal.  (Id. at 4.)  The Court will address the merit of these claims.

## IV.    ANALYSIS

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949

(2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

### A.    Retaliation

Plaintiff alleges that Defendants Vikjord, Covert, Magvas, and Foley violated his First Amendment rights through retaliatory conduct.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

Plaintiff alleges that his cell was searched and his belongings were either left in disarray or confiscated because of his grievances and lawsuits against prison staff. (Compl. at 4.)  Filing a grievance is a First Amendment protected activity and the alleged retaliatory cell search is an adverse act for retaliation purposes.  Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989).  Thus, Plaintiff has satisfied the first and third prongs of a retaliation claim. Id.

With respect to the fourth element, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity . . . ." Mendocino Envtl. Ctr. v. Mendocino County,

4

192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300). Plaintiff alleges facts sufficient to satisfy the fourth prong. Having prison staff disrupt and confiscate belongings would discourage a person of ordinary firmness from exercising his First Amendment rights.

The fifth prong requires a prisoner to allege that "the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985). This is not a high burden to reach. See id. (prisoner's allegations that search was arbitrary and capricious sufficient to satisfy this inquiry). The Court notified Plaintiff in its previous Screening Order that in order to meet this low burden, Plaintiff must at the very least allege that the search advanced no penological goal. (ECF No. 12.) The First Amended Complaint so alleges. (Compl. at 4.) Thus, the Court finds that Plaintiff has satisfied the fifth element.

The second element of a prisoner retaliation claim focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Morgan, 874 F.2d at 1314). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997);

5

Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent"). The First Amended Complaint alleges no facts indicating that the protected conduct motivated the Defendants to conduct the cell search. Plaintiff only concludes that the Defendants' conduct was motivated by the fact that he filed grievances and lawsuits against prison staff. (Compl. at 4.) The Court's previous Screening Order notified Plaintiff that such a conclusory allegation would not satisfy the second element of this claim. (ECF No. 12.) The First Amended Complaint fails to state a cognizable retaliation claim and reflects no discernable effort to correct the previously identified deficiency. No useful purpose would be served in reiterating the Court's earlier directions and giving Plaintiff yet another opportunity to correct a deficiency that previously was noted and still went uncorrected. Therefore, Plaintiff's retaliation claim is dismissed with prejudice.

### B.   Conspiracy

Plaintiff also alleges that Defendants are all part of a conspiracy to violate Plaintiff's constitutional rights. (Compl. at 2.) This allegation is insufficient to state a claim. A conspiracy claim brought under § 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540–41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights. Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)).

Plaintiff has not shown an actual deprivation of any constitutional rights. Inasmuch as his retaliation claim has been dismissed, Plaintiff cannot state a cognizable § 1983

claim of conspiracy to retaliate.  Plaintiff's conspiracy claim is dismissed with prejudice.

## IV.     CONCLUSION AND ORDER

Plaintiff's First Amended Complaint does not state a cognizable retaliation claim against any of the named Defendants.

Accordingly, it is HEREBY ORDERED that this action be dismissed with prejudice for failure to state a claim under Section 1983.

IT IS SO ORDERED.

Dated:    September 12, 2011         /s/ *Michael J. Seng*
ci4d6                                UNITED STATES MAGISTRATE JUDGE